UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JULIO SERRANO, RICARDO MARTINEZ and RICARDO MARTINEZ-MARTINEZ,

    Plaintiffs,

v.                                             Case No: 2:15-cv-30-FtM-38MRM

A PLUS PAINTING, LLC,

    Defendant/Third Party Plaintiff

v.

VALENTINE D OVANDO and JULIO SERRANO,

    Third Party Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Plaintiff Julio Serrano's Motion to Dismiss Defendant's Counterclaims (Doc. #46) filed on August 11, 2015. Defendant A Plus Painting, LLC filed a Response in Opposition on August 25, 2015. (Doc. #47). The matter is ripe for review.

## Background

Plaintiffs Julio Serrano, Ricardo Martinez, and Ricardo Martinez-Martinez are three painters whom Defendant A Plus Painting, LLC ("A Plus") employed for varying periods

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

during the last three years. (Doc. #1 at 2). A Plus is a Michigan company who provides commercial, residential, and industrial interior and exterior painting, staining, power washing, and glazing services around the country, including the Collier County, Florida area. (Doc. #1 at 2-3). During their employment with A Plus, Plaintiffs allege that they were not paid minimum wage or overtime compensation for painting jobs completed in Collier County. (Doc. #1 at 4-5). As a result, Plaintiffs brought the instant action against A Plus, alleging two counts: Recovery of Overtime Compensation (Count 1) and Recovery of Minimum Wages (Count 2). (Doc. #1 at 5-6). A Plus denies these allegations, and filed Counterclaims against Plaintiff Serrano ("Serrano") and a Third-Party Complaint. (Doc. #45). Serrano now seeks to dismiss the Counterclaims asserted against him for lack of subject-matter jurisdiction. (Doc. #46).

## Legal Standard

The general rule under Fed. R. Civ. P. 12(h)(3) is that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Under a Rule 12(b)(1) motion, a claim may be challenged both facially and factually. *McMaster v. United States*, 177 F.3d 936, 940 (11th Cir. 1999). Facial attacks "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true". *Id.* (punctuation omitted). Factual attacks, however, "challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (punctuation omitted).

**Discussion**

There is no dispute that the Court retains jurisdiction over Plaintiffs' claims. Instead, the Parties disagreement revolves around whether the Court retains jurisdiction over A Plus' Counterclaims asserted against Serrano. A Plus asserts its state-law Counterclaims on the basis of supplemental jurisdiction, 28 U.S.C. § 1367(a). Serrano argues that jurisdiction on this basis is not proper because the Counterclaims are permissive and have no independent basis for jurisdiction to support them. In response, A Plus argues that there is an independent basis exception that allows these Counterclaims to stay.

Federal district courts are given supplemental jurisdiction over state claims that "form part of the same case or controversy" as federal claims over which they have original jurisdiction. See 28 U.S.C. § 1367(a). This standard "confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim." *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997) (citation omitted). When a counterclaim is compulsory, this standard is satisfied. That is because a compulsory counterclaim itself entails a similar, but stricter, standard – "arising out of the transaction or occurrence that formed the subject matter of the plaintiff's claim." *Montgomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378, 1381 (11th Cir. 1991). But when a counterclaim is permissive, it does not satisfy the § 1367(a) standard, and instead requires an independent basis for jurisdiction – either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.

With this standard in mind, the Court must first determine whether A Plus asserts compulsory or permissive counterclaims. To that end, the Court finds that A Plus'

Counterclaims are permissive. The operative facts necessary to support Plaintiffs' FLSA claims include 1) A Plus' status as an employer defined by the FLSA; 2) A Plus' status as an employee as defined by the FLSA; 3) the number of hours Plaintiffs worked per week; and 4) the rate A Plus compensated Plaintiffs for those hours. It is doubtful that these operative facts would support A Plus' Counterclaims for breach of contract and unjust enrichment asserted against Serrano.

Even though the Counterclaims are permissive, the Court may retain jurisdiction over these claims if there is an independent basis for jurisdiction or an exception. The Parties seem to agree that there is not an independent basis for jurisdiction – the Counterclaims are state-law claims that fall below the amount-in-controversy requirement. There is, however, an exception that applies. Today, courts may retain jurisdiction over permissive counterclaims in FLSA actions, without an independent jurisdictional basis, if the permissive counterclaim is only seeking a setoff. *See Robinson v. Roofs, Structures & Mgmt., Inc.*, No. 8:07-cv-1518T-24 TBM, 2007 WL 4468695, at \*3 (M.D. Fla. Dec. 18, 2007) (collecting cases). In other words, the permissive counterclaim may not seek affirmative relief. *Id.* Otherwise, it must be dismissed. *Id.*

A review of A Plus' Counterclaims against Serrano reveals that they all seek affirmative relief. (Doc. #45 at 14-15). Therefore, the Court lacks subject matter jurisdiction over these claims, and they must be dismissed. *Id.* at \*3. However, because Counterclaims V and VI appear to qualify as claims for setoff, the Court grants A Plus leave to amend these two Counterclaims so that they only seek setoff for the purpose of reducing any recovery Serrano might obtain on his main claims. *See Cole v. Supreme Cabinets, Inc.*, No. 3:06-cv-772-J-33TEM, 2007 WL 1696029, at \*4 (M.D. Fla. June 12,

2007). If A Plus wishes to recover the full amount of Counterclaims V and VI, alleging breach of contract and unjust enrichment, respectively, it "must file a separate action in the appropriate forum." *Id.* (citation omitted).

Accordingly, it is now

**ORDERED:**

1. Plaintiff Julio Serrano's Motion to Dismiss Defendant's Counterclaims (Doc. #46) is **GRANTED**.

2. Defendant A Plus Painting, LLC has until **September 22, 2015**, to file its amended Counterclaims in accordance with this Order.

**DONE** and **ORDERED** in Fort Myers, Florida, this 8th day of September, 2015.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record