UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JULIO SERRANO, RICARDO
MARTINEZ and RICARDO MARTINEZ-
MARTINEZ,

    Plaintiffs,

v.                                  Case No:   2:15-cv-30-FtM-38MRM

A PLUS PAINTING, LLC,

    Defendant/Third Party Plaintiff
VALENTIN DIAZ OVANDO,

Third Party Defendants

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause comes before the Court on the Joint Motion for Approval of Settlement and Dismissal of Action with Prejudice (Doc. 57) and Settlement Agreement and Full and Final Mutual Release of All Claims (Doc. 57-1) filed on December 8, 2015. Plaintiffs Julio Serrano, Ricardo Martinez, and Ricardo Martinez-Martinez together with Defendant A Plus Painting, LLC ("A Plus") request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claims.

Plaintiffs brought the instant action against A Plus, alleging two counts: (1) Recovery of Overtime Compensation (Count I); and (2) Recovery of Minimum Wages (Count II). (Doc. 1 at 5-6). A Plus denies these allegations, and filed Counterclaims against Plaintiff Serrano (Counts V and VI) and a Third-Party Complaint against Valentin Diaz Ovando (Counts I-IV). (Doc. 45 at 10-15). In an Order dated September 8, 2015, the Court dismissed the Counterclaims against Plaintiff Serrano (Counts V and VI), but granted Defendant A Plus leave to refile those

Counterclaims for the purpose of reducing any recovery Plaintiff Serrano might obtain on his main claims. (Doc. 48 at 4-5 (citing *Cole v. Supreme Cabinets, Inc.*, No. 3:06-cv-772-J-33TEM, 2007 WL 1696029, at *4 (M.D. Fla. June 12, 2007)). Defendant A Plus then re-filed its Counterclaims against Plaintiff Serrano for the purpose of set-off only (Counts V and VI) and reasserted its a Third-Party Complaint against Valentin Diaz Ovando (Counts I-IV). (Doc. 51 at 10-15). There is no indication on the docket that Ovando was ever served with the Third-Party Complaint or has made an appearance in response to same.

After the parties filed their Joint Motion for Approval of Settlement and Dismissal of Action with Prejudice (Doc. 57), the Court was unclear what effect, if any, the parties' settlement has on the claims in the Third-Party Complaint filed by A Plus against Third-Party Defendant Valentin Diaz Ovando. (Doc. 58 at 1). The Court ordered the parties to file supplemental, joint briefing (1) explaining the effect of the parties' settlement on the claims pending against Third-Party Defendant Valentin Diaz Ovando and (2) explaining the effect of those pending claims on the Court's ability to approve the parties' settlement of the FLSA claims and dismiss this action under *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). (Doc. 58 at 2).

The parties filed their joint brief (Doc. 61) on January 8, 2016. As to the effect of the parties' settlement on the claims pending against Third-Party Defendant Valentin Diaz Ovando, the parties indicate that "in the event these claims are properly before the Court, the parties agree that they would be dismissed without prejudice and the case could be litigated in a court of competent jurisdiction. Importantly, the settlement does not seek to bind non-parties to this case." (Doc. 61 at 2).

As to the effect of the pending claims on the Court's ability to approve the parties' settlement of the FLSA claims and dismiss this action under *Lynn's Food Store*, the parties argue

that only the FLSA claims are being settled. (*Id.*). Thus, the parties indicate that "any third party claims will be dismissed without prejudice and any non-parties will have the ability to litigate claims they may have in a court of competent jurisdiction." (*Id.*).

The Court construes the parties' joint brief as indicating that the third-party claims against Third-Party Defendant Valentin Diaz Ovando may be dismissed without prejudice upon the Court's approval of the parties' FLSA issues. (*See id.* at 1-2). Therefore, the Court will evaluate the parties' settlement of the FLSA claims under the standard articulated in *Lynn's Food Store*, 679 F.2d at 1350.

To approve the settlement of an FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store*, 679 F.2d at 1355; 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-3. The first, under 29 U.S.C. § 216(c), provides for the Secretary of Labor to supervise payments of unpaid wages owed to employees. *Id.* at 1353. The second way, under 29 U.S.C. § 216(b), is by a lawsuit brought by employees against their employer to recover back wages. *Id.* When employees file suit, the proposed settlement must be presented to the District Court for its review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote

the policy of encouraging settlement of litigation.

*Id.* at 1354.

In this case, Plaintiffs alleged that Defendant committed overtime and minimum wage violations under the FLSA. (Doc. 1 at 5-6). Defendant denied Plaintiffs' allegations (Doc. 51 at 4-5) and, as stated above, asserted counterclaims against Plaintiff Serrano. (*Id.* at 51 at 14-15). Based on these contentions, *bona fide* disputes exist in this case.

The parties agreed to settle this action to avoid the risks and costs of protracted litigation. (Doc. 57 at 2 ¶ 4). Moreover, the parties view the settlement as reasonable in light of the risks, costs, and time associated with litigation. (*Id.*).

The parties' Motion (Doc. 57) and Settlement Agreement (Doc. 57-1) indicate that Plaintiffs will receive a total of $8,000 as payment for the release of all claims between Plaintiffs and Defendant. (Docs. 57 at 2 ¶ 4 and 57-1 at 1 ¶ 3). Plaintiff Serrano will receive $1,600. (*Id.*). Plaintiffs Ricardo Martinez and Ricardo Martinez-Martinez will each receive $1,200. (*Id.*). Plaintiffs' counsel will receive $4,000. (*Id.*). After review, the Court finds that the terms of the parties' Motion (Doc. 57) and Settlement Agreement (Doc. 57-1) are reasonable as to wages.

Defendant agreed to pay $4,000, representing Plaintiffs' reasonable attorney's fees and costs in this action. (Docs. 57 at 2 ¶ 4 and 57-1 at 1 ¶ 3). As explained in *Bonetti v. Embarq Management Company*, "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered." 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). The Court further stated that

> [i]f these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's

settlement.  In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id*.

In the present case, the amount of attorney's fees was negotiated as a separate amount apart from the amount to be paid to Plaintiff.  (Doc. 57 at 3 ¶ 5).  Because attorney's fees and costs were determined separately and apart from Plaintiffs' recovery, the Court finds that the settlement and attorney's fees were agreed upon without compromising the amount paid to Plaintiffs.

Without contradictory evidence, the Settlement Agreement and Full and Final Mutual Release of All Claims (Doc. 57-1) appears to be a fair and reasonable resolution of the parties' FLSA issues.   Accordingly,

**IT IS RESPECTFULLY RECOMMEDED:**

1) That the parties' Joint Motion for Approval of Settlement and Dismissal of Action with Prejudice (Doc. 57) be **GRANTED** and the Settlement Agreement and Full and Final Mutual Release of All Claims (Doc. 57-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the parties' FLSA issues.

2) The Court further recommends that, if the District Court adopts this Report and Recommendation, the Clerk of Court be directed to dismiss the claims between Plaintiffs and Defendant A Plus Painting, LLC with prejudice.

3) Additionally, based on the parties' representations, the Court recommends that, if the District Court adopts this Report and Recommendation, it also dismiss the third-party claims by A Plus Painting, LLC against Third-Party Defendant Valentin Diaz Ovando **without prejudice** with leave to re-file in a court of competent jurisdiction.

Respectfully recommended in Chambers in Fort Myers, Florida on January 19, 2016.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties